UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
AT COVINGTON

CIVIL ACTION NO. 2:2016-CV-44 (JGW)

JOSEPH J. LUDWIG, ADMINISTRATOR OF THE           PLAINTIFF
    ESTATE OF AMANDA LUDWIG

V.                    **MEMORANDUM OPINION AND ORDER**

USF HOLLAND, INC.
RONNIE D. YORK                                        DEFENDANTS

This matter comes before the Court on Plaintiff's Motion to Quash the Subpoena issued to Louis J. Schultz (Doc. 67) and Schultz's Third-Party Movant Motion for Protective Order. (Doc. 69).

## Factual and Procedural History

Schultz was a witness to the March 2015 automobile accident on Interstate 275, in which a semi-truck driven by Ronnie D. York struck a broken-down automobile containing Amanda Ludwig, causing the vehicle to be engulfed in flames. As part of discovery, the parties took Schultz's deposition on June 14, 2017. (Doc. 67 at 2). During the deposition, Schultz mentioned that he had previously given Plaintiff's counsel two recorded oral statements. (*Id.*). Schultz also testified that Plaintiff's counsel provided Schultz with transcripts of those previous recorded statements. (*Id.*). On June 16, 2017, Defendant subpoenaed Schultz for the production of that transcript. (*Id.* at 7).

Plaintiff then moved to quash that subpoena, arguing that the transcript was work product. (Doc. 67). Although a non-party, Schultz subsequently moved for a protective order from producing the recording, stating that he did not plan to produce the recording without a Court order. (Doc. 69).

1

## Analysis

Under FED. R. CIV. P. 26, the work product doctrine applies to prevent discovery of "documents and tangible things that are prepared in anticipation of litigation or for trial." FED. R. CIV. P. 26(b)(3)(A). The doctrine is designed to protect the "mental impressions, conclusions, opinions, or legal theories" of attorneys and representatives involved in the litigation. FED. R. CIV. P. 26(b)(3)(B).

Because the work product doctrine only prevents discovery of mental impressions, it generally does not extend to facts. *See* Moore's Federal Practice 3d. § 26.70[2][a] (citing *Audiotext Commun. Network, Inc. v. US Telecom, Inc.*, 164 F.R.D. 250, 254 (D. Kan. 1996) and aggregating other cases that hold the work product doctrine generally does not prevent discovery of facts). That is especially true when the facts at issue are not discoverable by any other means without undue hardship, and the opposing party shows substantial need for the information. FED. R. CIV. P. 26(b)(3)(A)(ii); *see also Hickman v. Taylor*, 329 U.S. 495, 512 (1947); Moore's Federal Practice 3d. § 26.70[5][c].

Applying that doctrine to this case, Rule 26(b)(3)(A)(ii)'s exception for facts that are essential and not discoverable by other means proves determinative. Schultz is an essential witness to determining whether Amanda Ludwig died immediately when the semi-truck struck her vehicle, or whether she survived and suffered anguish in the ensuing moments. Schultz's visual and auditory perceptions in the moments after the crash provide the insight of a neutral third party on

the scene at the critical moment in question. Therefore, there is a substantial need for all parties to have the best statement of Schultz's perceptions possible.[1]

Defendants certainly have one version of Schultz's perceptions, since Schultz gave deposition testimony. But Schultz's account of the events in his deposition may have differed from his initial recitation of the facts when he spoke with Plaintiff's counsel over the phone and at counsel's office, and when he was closer in time to the events in question. Any even slight dissonance would provide Defendants with an opportunity to impeach Schultz. And, other than obtaining a copy of the transcripts in question, there is no alternative way for Defendants to discover what Schultz said at the time he spoke with Plaintiff's counsel. Depriving Defendants of that transcript would work a substantial hardship on Defendants by removing a potentially essential tool in determining how long the decedent lived after the accident.

Accordingly, **IT IS ORDERED**:

1.) Plaintiff's Motion to Quash the Subpoena issued to Louis J. Schultz (Doc. 67) is **DENIED**; and

2.) Schultz's Third-Party Movant Motion for Protective Order (Doc. 69) is **DENIED**.

This  18th  day of August, 2017.



Signed By:
*J. Gregory Wehrman*
United States Magistrate Judge

---

[1] Plaintiff's reliance upon *United States v. Roxworthy*, 457 F. 3d 590 (6th Cir. 2006) is misplaced. The documents at issue in *Roxworthy* were two memoranda bearing the same date with a stamped designation of "Attorney-Client Privilege." These were detailed tax documents which the Court described as being dense with legal content. The Schultz transcript here is nothing more than a statement of an eye-witness which plaintiff has provided to that third-party witness.

3